UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| EUGENE T. HOLLOW HORN BEAR, Petitioner, vs. DENNIS DAUGAARD, MARTY JACKLEY, WARDEN BRENT FLUKE, LARA R. ROETZEL, Respondents. | 5:18-CV-05065-JLV<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>Docket No. 7 |

**INTRODUCTION**

This matter is pending pursuant to the *pro se* habeas petition filed by petitioner Eugene T. Hollow Horn Bear. See Docket No. 1. The court has ordered Mr. Hollow Horn Bear's petition to be served on respondents and ordered respondents to file a response to that petition, as well as a response to Mr. Hollow Horn Bear's motion to amend or correct his petition. See Docket No. 6. Mr. Hollow Horn Bear now moves this court for appointment of counsel. See Docket No. 7. This matter has been referred to this magistrate judge

pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) and the October 16, 2014, standing order of the Honorable Jeffrey L. Viken, Chief United States District Judge.

## DISCUSSION

This habeas corpus matter is pending pursuant to 28 U.S.C. § 2254. See Docket No. 1.[1] "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2255 Cases in United States District Courts, 28 U.S.C. foll. § 2255. Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
>
> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person whoB

---

[1] Mr. Hollow Horn Bear's motion to amend or correct his petition would remove the reference to § 2254. See Docket No. 5. However, the court has not yet ruled on that motion, so for the time being, the court construes this matter to fall under the purview of § 2254. Mr. Hollow Horn Bear is currently being held in the custody of the state of South Dakota pursuant to a judgment of conviction of a state court. See Docket No. 1. "Prisoners cannot avoid the . . . rules [governing § 2254 cases] by inventive captioning . . . [T]he name makes no difference. It is substance that controls." Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007).

2

> \*\*
>
>> (B) is seeking relief under section 2241, 2254, or 2255 of title 28
>
> **Rule 6(a):**
>
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. ' 3006A.
>
> **Rule 8(c):**
>
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. ' 3006A . . . These rules do not limit the appointment of counsel under ' 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citations omitted). In this case, it is unknown whether an evidentiary hearing will be held because respondents have yet to file their response to Mr. Hollow Horn Bear's initial pleading.

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

At present, there does not appear in the record facts or law which would support the court's discretionary appointment of counsel to represent

Mr. Hollow Horn Bear. Should this change as the case develops, Mr. Hollow Horn Bear can file a motion to appoint counsel at that juncture.

## CONCLUSION

Based on the foregoing law, facts and analysis, it is hereby

ORDERED that the motion for appointment of counsel [Docket No. 7] filed by petitioner Eugene T. Hollow Horn Bear is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 2nd day of October, 2018.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge