UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| EUGENE T. HOLLOW HORN BEAR,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>KRISTI NOEM, Governor of the State of South Dakota; JASON RAVNSBORG, Attorney General of the State of South Dakota; WARDEN BRENT FLUKE and LARA R. ROETZEL,<br><br>　　　　　Respondents. | CIV. 18-5065-JLV<br><br><br>ORDER |

Petitioner Eugene Hollow Horn Bear, appearing *pro se*, filed a motion for relief from a judgment and a motion to amend his petition for habeas corpus. (Dockets 27 & 28).  Mr. Hollow Horn Bear seeks relief pursuant to Fed. R. Civ. P. 60(b)(6) from the order and judgment entered on September 30, 2019. (Docket 27) (referencing Dockets 25 & 26).  Petitioner asserts as grounds for relief from the order and judgment his *pro se* status and that the help he received from others while incarcerated interfered with his ability to properly present his case.  Id. at pp. 1-2.  He asserts "he was led astray by those inept in the law."  Id. at p. 2.

"Rule 60(b) authorizes relief in only the most exceptional of cases." Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005).  The Rule provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
> On motion and just terms, the court may relieve a party or its

>   legal representative from a final judgment, order, or proceeding for the following reasons:
>
>   . . .
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief is available under Rule 60(b)(6) only where "exceptional circumstances prevented the moving party from seeking redress through the usual channels." Atkinson v. Prudential Property Co., Inc., 43 F.3d 367, 373 (8th Cir. 1994) (citing In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir. 1989)).  " 'Exceptional circumstances' are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at.  Rather, exceptional circumstances are relevant only where they bar adequate redress." Id.

In Mr. Hollow Horn Bear's case, the court adopted the report and recommendation ("R&R") of the magistrate judge and dismissed his 2254 petition.  (Docket 25 at p. 3).  Significant in the court's decision, was the magistrate judge's finding that Mr. Hollow Horn Bear failed to appeal his state court convictions and sentences to the South Dakota Supreme Court.  (Docket 22 at p. 2).  Also, Mr. Hollow Horn did not file a state habeas corpus petition following those convictions.  Id.  As the magistrate judge concluded in the R&R, "Mr. Hollow Horn Bear's [federal habeas] petition was filed outside of the one-year statute of limitations." Id. at p. 4 (referencing 28 U.S.C. § 2244(d)(1)).  The magistrate judge found "[f]our years, seven months, and twenty-one days passed between the date when his first conviction became final and the date of his federal habeas petition. . . . Three years and thirty

days passed between the date when his second conviction became final and the date of his federal habeas petition." Id. "Both time periods exceed [the Antiterrorism and Effective Death Penalty Act's] one-year statute of limitations." Id. (referencing 28 U.S.C. § 2244(d)(1)).

The R&R rejected Mr. Hollow Horn Bear's claim "that as 'a mere layperson,' he could not possibly be expected to know the nuances of the legal system." Id. at p. 5 (referencing Docket 16 at p. 1). The court adopted the R&R. (Docket 25 at p. 3). Following entry of the order adopting the R&R and the judgment in this case, Mr. Hollow Horn Bear did not file a notice of appeal with the United States Court of Appeals for the Eighth Circuit. See Fed. R. App. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").

Mr. Hollow Horn Bear makes essentially the same argument in the current Rule 60(b) motion. (Docket 27 at pp. 1-2). Lack of legal knowledge or inadequate legal assistance do not constitute extraordinary circumstances, nor do those deficiencies provide a basis for Rule 60(b)(6) relief. This is not an exceptional case to which Rule 60(b)(6) applies. Noah, 408 F.3d at 1045. Petitioner's request for relief under Rule 60(b)(6) is denied.

This case is closed. Mr. Hollow Horn Bear's motion to file an amended petition (Docket 28) is moot.

Before Mr. Hollow Horn Bear is authorized to file a second or successive § 2254 petition, he must move in the United States Court of Appeals for the Eighth Circuit "for an order authorizing the district court to consider the

application."  28 U.S.C. § 2244(b)(3)(A).  A copy of the Eighth Circuit order must be attached to and accompany any second or successive § 2254 petition filed by Mr. Hollow Horn Bear in the district court.  If Mr. Hollow Horn Bear does not attach a copy of the Eighth Circuit order authorizing the district court to consider his application, the Clerk of Court shall open a new case, immediately close the case and return all documentation to Mr. Hollow Horn Bear together with a copy of this order.

Having carefully reviewed the record in this case and no good cause appearing, it is

ORDERED that petitioner's Rule 60(b)(6) motion (Docket 27) is denied.

IT IS FURTHER ORDERED that petitioner's motion (Docket 28) is denied as moot.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability. Although the court declines to issue a certificate of appealability, Mr. Hollow Horn Bear may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.  See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

IT IS FURTHER ORDERED that if Mr. Hollow Horn Bear does not attach a copy of the Eighth Circuit order 28 U.S.C. § 2244(b)(3)(A) authorizing the

district court to consider any second or successive § 2254 application, the Clerk of Court shall open a new case, immediately close the case and return all documentation to Mr. Hollow Horn Bear together with a copy of this order.

Dated April 28, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE